UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24265-BLOOM/Torres

MSPA CLAIMS 1, LLC,

    Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO STAY ACTION

**THIS CAUSE** is before the Court upon the Parties' Joint Motion to Stay Plaintiff's Bad Faith Claim Pending Resolution of Plaintiff's Motion for Remand, ECF No. [21] ("Joint Motion"). In the Joint Motion, the Parties request that this Court stay this action pending the Court's decision on Plaintiff MSPA Claims 1, LLC's ("Plaintiff") Motion for Remand, ECF No. [7].

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). "[D]iscovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." *Feldman*, 176 F.R.D. at 652.

"[A] motion to stay discovery . . . is rarely appropriate unless resolution of the motion will dispose of the entire case." *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008). Further, "discovery stay motions are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." *Montoya*, 2014 WL 2807617, at *2. "To evaluate whether there is a strong likelihood 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.'" *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (quoting *Feldman*, 176 F.R.D. at 652-53). "The court must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Id.* (quoting *Feldman*, 176 F.R.D. at 652). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Id*.

As an initial matter, the Court does not find that the Parties have demonstrated that discovery would be unduly burdensome, nor have they made a specific showing of prejudice or difficulty. The Joint Motion observes that "should the Court grant the motion to remand, the scheduling obligations in place would be moot[,]" but fails to articulate any resulting prejudice or difficulty justifying a stay of discovery. *See* Joint Motion at 1.[1]

Further, the Joint Motion takes no position on whether there is a strong likelihood that Plaintiff's Motion for Remand will be granted. The Court's independent review of Plaintiff's Motion for Remand suggests that the Motion for Remand is not "clearly meritorious[.]" *See Feldman*, 176 F.R.D. at 652-53. Plaintiff's Motion for Remand contends that Plaintiff's underlying insurance policy limits its recovery to well below the jurisdictional threshold, and that Defendant's

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

position that the jurisdictional threshold is met is unduly speculative. *See generally* Joint Motion. Defendant responds that the underlying insurance policy limits are irrelevant to this action, and that Plaintiff's demand letter and related evidence demonstrate that the amount in controversy is satisfied. *See generally* ECF No. [14]. Moreover, the Parties dispute whether a demand letter is properly considered in determining whether the amount in controversy is satisfied, particularly where, as here, there is a demand for money damages. *See* Motion for Remand at 3-6; ECF No. [14] at 2-4. For those reasons, "it is not so clear on its face that there appears to be an immediate and clear possibility that [the Motion for Remand] will be granted" on the Court's "preliminary peek" of the merits of that motion. *Feldman*, 176 F.R.D. at 653 (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C.1988)).

The Court proceeds to weigh "the harm produced by a delay in discovery against the likely costs and burdens of proceeding with discovery." *Feldman*, 176 F.R.D. at 652. Discovery in this case is scheduled to close on August 20, 2024, according to this Court's Scheduling Order. ECF No. [13]. The harm produced by delaying discovery is likely relatively modest considering there are over seven months for the Parties to conduct discovery. However, as discussed, the Court finds that staying discovery is inappropriate in light of the Joint Motion's failure to discuss the anticipated costs and burdens of proceeding with discovery. The Court concludes that staying this action is unwarranted in the absence of "a specific showing of prejudice or burdensomeness." *Montoya*, 2014 WL 2807617, at *2.

On balance, the possibility that the Court will ultimately grant the Motion for Remand does not outweigh the harm produced by a delay in discovery. Accordingly, it is **ORDERED AND ADJUDGED** that the Parties' Joint Motion to Stay Plaintiff's Bad Faith Claim Pending Resolution of Plaintiff's Motion for Remand, **ECF No. [21]**, is **DENIED**.

Case No. 23-cv-24265-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 10, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record