UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24265-BLOOM/Torres

MSPA CLAIMS 1, LLC,

    Plaintiff,

v.

IDS PROPERTY CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff MSPA Claims 1, LLC's Motion to Remand, ECF No. [7] ("Motion"). Defendant IDS Property Casualty Insurance Company filed a Response in Opposition, ECF No. [14], to which Plaintiff filed a Reply, ECF No. [17]. The Court has reviewed the Motion, the supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted and the case is remanded to state court.

**I.    BACKGROUND**

Plaintiff originally filed this action against Defendant on September 28, 2023, in the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida, styled *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company*, 2023-023852-CA-13. Plaintiff's Complaint asserts one Count for Statutory Bad Faith against Defendant pursuant to Florida Statutes § 626.9541(1)(i)(3)(a). Plaintiff alleges it is the current assignee of an assignment originally obtained from Florida Health Care Plus ("FHCP") to pursue claims against Defendant for its failure to fully reimburse FHCP for conditional payments it made for treatment and

services on behalf of a Medicare enrollee referred to as "M.A." ECF No. [1-1] ¶ 2. M.A. was injured in a personal injury accident in January 2014 while enrolled in a "Medicare Advantage plan issued and administered by FHCP" as well as a "no-fault/PIP policy issued by Defendant." *Id.* ¶¶ 15-16. Plaintiff accordingly seeks "a judgment awarding reimbursement of damages for those amounts to which [Plaintiff] is entitled[,]" namely, the conditional payments made by FHCP that Defendant failed to fully reimburse. *Id.* ¶ 34. On November 7, 2023, Defendant removed the case to this Court. ECF No. [1] ("Notice of Removal").[1]

In the Motion, Plaintiff seeks to remand this case to state court because the amount in controversy requirement is not satisfied. Defendant responds that a demand letter sent by Plaintiff in 2015—coupled with attorney's fees likely accrued at the time of removal—demonstrate that the amount in controversy requirement is satisfied. Plaintiff replies that the evidence provided in support of her Motion demonstrates the amount in controversy requirement is not satisfied and remand is appropriate.

## II. LEGAL STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000. *See id.* § 1332(a).

"To determine whether this standard is met, a court first examines whether 'it is facially

---

[1] Defendant also filed a Motion to Dismiss the State Court Complaint on December 11, 2023. ECF No. [12]. Plaintiff filed a Response in Opposition, ECF No. [25], to which Defendant filed a Reply, ECF No. [26].

apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006), *abrogated on other grounds by Dudley v. Eli Lilly & Co.*, 778 F.3d 909 (11th Cir. 2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

The removing party has the burden "to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[T]he right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09-CV-82433, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

### III.   DISCUSSION

#### A.  Remand

Plaintiff's Complaint alleges this action is "for damages that exceeds $50,000.00" but does not specify the damages sought for Defendant's failure to reimburse Plaintiff for M.A.'s medical bills. ECF No. [1-1] ¶ 11. The Court accordingly must "look to the notice of removal" as well as "evidence relevant to the amount in controversy at the time the case was removed[]" to determine if it has diversity jurisdiction. *Miedema*, 450 F.3d at 1330. Defendant contends that diversity jurisdiction exists because the Parties are citizens of different states, and the amount in controversy exceeds $75,000.00. ECF No. [1] ¶¶ 3, 5-7, 9-13. Defendant is correct that the Parties are diverse—Defendant is a corporation organized under the laws of Wisconsin with its

principal place of business in De Pere, Wisconsin, and Plaintiff is a corporation organized under the laws of Florida with its principal place of business in Miami-Dade County, Florida. However, Defendant is incorrect that the amount in controversy exceeds $75,000.00.

### i. Damages

Plaintiff contends that Defendant's removal relies on an improper, unverified, and speculative calculation of the amount in controversy. Plaintiff attaches its Demand Letter, *see* ECF No. [7-1], and points out that its Demand Letter fails to establish that the amount in controversy requirement is satisfied. Plaintiff asserts that it seeks only $69,992.80, and the amount in controversy is necessarily limited to $10,000.00 because M.A.'s Personal Injury Protection Policy ("PIP Policy") caps Defendant's liability at $10,000.00. Defendant responds that the amount of controversy is satisfied because Plaintiff's Demand Letter demonstrates Plaintiff is seeking $87,491.00 in damages.

### 1. The Demand Letter

The Demand Letter provides the total sum paid by FHCP on behalf of M.A.:

> Demand is hereby made for charges of the medical services and treatment provided to the above named member for the dates of service of **1/13/2014** through **4/28/2014**, totaling **$ 87,491.00**, *of which 80 % is due* less deductible if applicable. MSP Recovery, LLC has received **$ 0.00**, which is not the total amount due for the services billed and rendered.

*Id.* at 19. (emphasis added).

The Court disagrees with Plaintiff that Defendant's PIP liability limit of $10,000.00 demonstrates the amount in controversy is limited to $10,000.00. As Defendant accurately observes, the Complaint specifically seeks damages "in an amount that exceeds the policy limits." ECF No. [1-1] ¶ 11. Furthermore, damage awards that exceed the policy limits of the underlying insurance policy are recoverable under § 624.155. *See* Fla. Stat. § 624.155 (2023) ("The damages recoverable pursuant to this section . . . may include an award or judgment in an

amount that exceeds the policy limits"). Defendant's PIP Policy limit accordingly provides no basis for remanding this case.[2]

Moreover, Plaintiff's position that demand letters generally cannot be used to establish the amount in controversy requirement is misplaced.[3] Plaintiff notes that courts in this District have rejected numerous attempts to rely on a plaintiff's demand letter to satisfy the amount in controversy.[4] As Defendant accurately observes, however, the cases on which Plaintiff relies featured claims for declaratory relief, pure bills of discovery, or both. Those cases accordingly rejected the defendant's reliance on plaintiff's demand letter because plaintiff was not seeking to recover money damages. *Ace Prop. & Cas. Ins. Co.*, No. 23-CV-23018, 2023 WL 8357337, *1, *4; *USAA Cas. Ins. Co. et al.*, No. 23-CV-22775, 2023 WL 8235025, at *1, *4; *Sec. Nat'l Ins. Co.*, No. 23-CV-23194, 2023 WL 8018751, at *4, *8; *Travelers Casualty Co. et al.*, No. 23-CV-23156, ECF No. [23] at 4-5, 7; *Zurich Am. Ins. Co. et al.*, No. 23-CV-22450, ECF No. [22] at 5.

Those decisions do not suggest that reliance on a demand letter to satisfy the amount in controversy in a claim for monetary damages is improper. Moreover, the court in *Zurich*

---

[2] Plaintiff observes that Defendant argued the PIP Policy limits applied in a related consolidated proceeding involving the parties, *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351 (11th Cir. 2016). However, that fails to demonstrate remand is appropriate. As noted, in *this* proceeding, Plaintiff explicitly seeks damages in excess of the PIP Policy limits. Moreover, Defendant accurately observes that *MSP Recovery, LLC* concerned reimbursement claims under the Medicare Secondary Payer Act, not statutory bad faith claims. *See id.* at 1356.

[3] Plaintiff's observation that the Demand Letter was sent in the ordinary course of business also fails to show reliance is inappropriate. Plaintiff does not dispute that the Demand Letter accurately memorializes the damages Plaintiff seeks to recover from Defendant and simply noting that the Demand Letter was not initially sent in connection with this proceeding fails to show reliance is improper.

[4] *See, e.g.*, *MSP Recovery Claims, Series LLC et al. v. Ace Prop. & Cas. Ins. Co.*, No. 23-CV-23018, 2023 WL 8357337 (S.D. Fla. Dec. 1, 2023), *report and recommendation adopted*, No. 23-CV-23018, 2023 WL 8354889 (S.D. Fla. Dec. 1, 2023); *MSP Recovery Claims, Series v. USAA Cas. Ins. Co. et al.*, No. 23-CV-22775, 2023 WL 8235025 (S.D. Fla. Nov. 28, 2023); *MSP Recovery Claims, Series LLC v. Sec. Nat'l Ins. Co.*, No. 23-CV-23194, 2023 WL 8018751 (S.D. Fla. Nov. 20, 2023); *MSP Recovery Claims, Series LLC et al. v. Travelers Casualty Co. et al.*, No. 23-CV-23156, ECF No. [23] (S.D. Fla. Nov. 8, 2023); *MSP Recovery Claims, Series LLC et al. v. Zurich Am. Ins. Co. et al*, No. 23-CV-22450, ECF No. [22] (S.D. Fla. Sept. 11, 2023).

explicitly found that reliance on plaintiff's demand letter was appropriate, observing "if this were a lawsuit to recover on the Demand Letter's claim — and Defendants pointed to sufficient evidence demonstrating that the demand amount is an accurate measure of damages — it is possible the Court would have subject matter jurisdiction." 23-CV-22450, ECF No. [22] at 7-8. Here, the Court is faced with that exact scenario: a bad faith action brought by Plaintiff to recover on M.A.'s claim. As Defendant correctly points out, "it is common practice for courts to consider demand letters in determining the amount in controversy for purposes of diversity jurisdiction." ECF No. [14] at 3. *See, e.g.*, *Lucas v. USAA Casualty Insurance Co.*, 716 F. App'x 866 (11th Cir. 2017); *Roach v. Hosp. Ventures Mgmt., LLC*, No. 22-CV-62188, 2023 WL 1430476, at *2 (S.D. Fla. Jan. 31, 2023) ("Defendant relies on Plaintiff's pre-suit demand letter to establish the amount in controversy. This is proper evidence for the Court to consider in determining whether the amount in controversy is satisfied.") (citations omitted).

Furthermore, unlike the demand letter at issue in *Zurich*, the Demand Letter here is sufficiently detailed. The demand letter in *Zurich* was "not itemized" and had "no damages calculations, include[d] no estimates, and contain[ed] no detail of any kind." ECF No. [22] at 11 (*citing Gomez v. First Liberty Ins. Corp.*, No. 19-CV-62750, 2019 WL 6123612, at *2 (S.D. Fla. Nov. 19, 2019) (internal quotation marks omitted)). Here, the Demand Letter contains a precise damages estimate and is itemized, providing specific details on the services and treatment rendered to M.A.

The Court finds that the Demand Letter fails to show the amount in controversy requirement is satisfied. The Demand Letter expressly states that Defendant owes Plaintiff 80% of M.A.'s medical expenses totaling $87,491.00. ECF No. [7-1] at 19. Accordingly, the amount in controversy is a total of $69,992.80, which represents 80% of the $87,491.00 in medical

expenses paid by FHCP.

### 2. Extra-Contractual Damages

Defendant contends bad faith claims carry "an expectation that damages will exceed the contractual damages at issue." ECF No. [14] at 6 (citing Fla. Stat. § 624.155 (2023)). Although Defendant is correct that § 624.155 "allows for the recovery of extra-contractual damages against an insurer[,]" *Citizens Prop. Ins. Corp. v. Manor House, LLC*, 313 So. 3d 579, 582-83 (Fla. 2021), Plaintiff does not allege entitlement to extra-contractual damages here. The Complaint demands a judgment "for those amounts to which MSPA is entitled . . . pre-judgment and post-judgment interest consistent with the statute . . . [and] reasonable attorneys' fees." ECF No. [1-1] ¶ 34. Defendant points to no evidence suggesting extra-contractual damages are recoverable here, let alone an estimation of what such damages would be.[5] Defendant also relies on Plaintiff's allegation that it "continues to suffer damages" to argue that the amount in controversy requirement is met. ECF No. [14] at 6 (citing ECF No. [1-1] ¶ 34). That argument ignores the Eleventh Circuit's guidance that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. Defendant accordingly cannot meet its burden by arguing "the damages figure grows daily." ECF No. [14] at 6.

### ii. Attorney's Fees

Defendant also argues that Plaintiff's attorney's fees are properly included in the amount in controversy, and those fees establish that the amount in controversy requirement is satisfied.

---

[5] Plaintiff's Complaint also alleges "[t]he damages sought include those damages that were reasonably foreseeable as a result of the violations under Florida Statutes, Section 624.155 by Defendant IDS and would include an award or judgment in an amount that exceeds the policy limits." ECF No. [1-1] ¶ 11. As discussed, however, Plaintiff does not allege entitlement to extra-contractual damages. Concluding that the amount in controversy is met because Plaintiff generally alleges entitlement to "damages that were reasonably foreseeable" as a result of Defendant's conduct is accordingly speculative.

As noted, Plaintiff's Complaint seeks attorney's fees pursuant to § 624.155 and Defendant correctly observes that because § 624.155 authorizes the recovery of attorney's fees, a reasonable amount of those fees is properly included in the amount in controversy. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The Eleventh Circuit has not clarified whether prospective attorney's fees are properly considered, or whether only fees accrued at the time of removal are properly included when determining the amount in controversy, however. This Court "has taken the stance 'that the amount in controversy does not include highly speculative, prospective amounts of attorney's fees, but rather includes only those fees accrued as of the time of removal.'" *Pantoja v. GeoVera Specialty Ins. Co.*, No. 21-CV-24137, 2022 WL 189870, at *2 (S.D. Fla. Jan. 21, 2022) (citing *Hernandez v. ITW Food Equip., Grp. LLC*, No. 20-CV-24583, 2021 WL 602586, at *4 (S.D. Fla. Feb. 16, 2021)). Defendant accordingly must show that the attorney's fees Plaintiff likely accrued at the time of removal satisfy the amount in controversy requirement.

Defendant argues Plaintiff's attorney's fees satisfy the amount in controversy because those fees include "any fees incurred in the underlying litigation that preceded this bad faith claim." ECF No. [14] at 7. Defendant relies on a related proceeding, *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company*, 2015-027940-CA-01, wherein Plaintiff brought a class-action complaint against Defendant based on its class-wide failure to identify and reimburse eligible Medicare benefits pursuant to Florida Statutes § 627.736(4). *See generally MSPA Claims 1,* LLC, 2015-027940-CA-01, ECF No. [242]. The court granted Plaintiff's Motion for Class Certification, ECF No. [349], and certified the following class:

> All non-governmental organizations (including, but not limited to MAOs, first-tier and downstream entities, and their assignees, collectively "Medicare Payers"), that provided Medicare benefits under Part C in the State of Florida to beneficiaries that were covered by IDS for No-Fault Benefits, for which IDS

> under a no-fault/PIP insurance policy had a primary obligation, and thus, had an affirmative duty to: (a) determine whether its insured were entitled to Medicare benefits under Part C to enable the proper coordination of benefits; (b) alert Medicare Payers of its primary obligation; and (c) prevent Medicare Payers from paying for accident-related medical items and services for which IDS has a primary obligation or reimburse them.

*Id.* at 31. The court subsequently granted summary judgment on Plaintiff's claim for declaratory relief "under Chapter 86, Florida Statutes, for [Defendant] IDS' failure to comply with its primary obligation pursuant to Section 627.736(4) and failure to comply with Section 111 reporting requirements pursuant to U.S.C. § 1395(b)(7)-(9)." *Id.*, ECF No. [1-1] at 84. The court's order is currently on appeal. *Id.*, ECF Nos. [353], [369].

Defendant accordingly argues that all fees incurred in that related proceeding, including "(1) petitioning IDS for reimbursement on FHCP's behalf, (2) obtaining and enforcing a CRN, (3) filing the underlying suit, (4) winning summary judgment, (5) certifying a class, and (6) ultimately filing this suit[]," are properly included in the amount in controversy. ECF No. [14] at 7. For support, Defendant relies on *McCleod v. Cont'l Ins. Co.*, 591 So.2d 621 (Fla. 1992) that Florida law permits recovering reasonable attorney's fees in bad faith actions, "includ[ing] any fees incurred in the original underlying action as a result of the insurer's bad faith actions." *Id.* at 626.

The Court is unpersuaded that the attorney's fees incurred in that related proceeding are reasonably included in the amount in controversy. As discussed, *MSPA Claims 1* is a class-action proceeding brought by Plaintiff on behalf of M.A. along with *other* similarly situated Medicare Advantage Organizations ("MAOs"), MAO assignees, related first-tier and "downstream" entities, and potentially thousands of beneficiaries. *See* 2015-027940-CA-01, ECF No. [349] at 15 (finding the numerosity requirement was satisfied because the class features at least thirty-seven MAOs who each insure thousands of Medicare beneficiaries). There the court awarded

9

Plaintiff attorney's fees after granting summary judgment on Plaintiff's claim for declaratory relief. ECF No. [1-1] at 84. It is illogical to find that *all* the attorney's fees incurred in that proceeding are also recoverable and in controversy here. Moreover, Defendant fails to provide support for its position that all attorney's fees accrued in *MSPA Claims 1* are recoverable in this proceeding where, as here, M.A. is one of potentially thousands of beneficiaries affected by Defendant's systemically unlawful practices.

Accordingly, while Defendant is correct that a plaintiff who prevails on a bad faith claim is entitled to recover fees incurred in the original underlying action, the Court disagrees that *MSPA Claims 1* is properly understood as an original underlying action in this context. To be sure, *MSPA Claims 1* features the same parties, and was brought on a class-wide basis on behalf of M.A. However, Plaintiff did not seek to obtain full reimbursement for M.A.'s medical bills; as discussed, Plaintiff sought a declaratory judgment that Defendant failed to fulfill its primary obligations and reporting requirements. *MSPA Claims 1* is therefore not an original underlying action within the meaning of § 624.155. Plaintiff simply did not accrue attorney's fees in *MSPA Claims 1* in order to be reimbursed for M.A.'s medical expenses. Instead, Plaintiff accrued those fees to obtain a declaratory judgment that Defendant violated Florida and federal law. Concluding *MSPA Claims 1* constitutes an original underlying action within the meaning of § 624.155 would effectively permit Defendant to remove all bad faith claims brought by any of the *thousands* of impacted beneficiaries by simply pointing to the fees accrued in that case. Such a conclusion is contrary to the Eleventh Circuit's removal jurisprudence.

The only attorney's fees Defendant points to that are reasonably attributable to this action are the fees accrued by Plaintiff when petitioning Defendant to reimburse it for M.A.'s medical expenses on FHCP's behalf and when filing a Civil Remedy Notice ("CRN") with the Florida

10

Department of Financial Services. Those accrued attorney's fees are both directly attributable to M.A. and Plaintiff's bad faith claim. *See* ECF No. [1-1] ¶ 24. However, Defendant provides no basis for the Court to reasonably estimate the amount of attorney's fees accrued. In the absence of any such evidence, concluding that Plaintiff's attorney's fees accrued at the time of removal satisfy the amount in controversy is unduly speculative. The Court accordingly finds no basis to infer that the attorney's fees Plaintiff accrued at the time of removal satisfy the amount in controversy requirement.

Remand is therefore appropriate, as "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) ("[I]t is axiomatic that ambiguities are generally construed against removal." (citation and internal quotation marks omitted)). Defendant has not shown that Plaintiff accrued over $5,000.00 in attorney's fees at the time of removal, or that the Court may reasonably infer that Plaintiff likely accrued such fees. Defendant accordingly fails to satisfy its "burden of proving proper federal jurisdiction." *Leonard,* 279 F.3d at 972 (11th Cir. 2002). The Court concludes that this case must be remanded to state court for lack of diversity jurisdiction.

### B. Attorney's Fees

The Court's conclusion that this case must be remanded does not resolve Plaintiff's Motion, as Plaintiff also seeks an award of attorney's fees. Plaintiff contends an award of attorney's fees is appropriate because Defendant's decision to remove this case was objectively unreasonable. Defendant responds by noting its opposition to an award of attorney's fees.[6]

---

[6] Defendant requests the opportunity to separately brief Plaintiff's demand for attorney's fees should the Court determine remand is appropriate. The Court declines to do so, as it determines an award of attorney's fees is unwarranted despite lacking the benefit of a fulsome response from Defendant.

Upon remand, 28 U.S.C. § 1447(c) permits courts to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has articulated a reasonableness standard to determine whether an award of fees is justified:

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.

*Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). Although "proof of bad faith removal is not required, there is no indication that a trial court should grant attorney's fees whenever an effort to remove fails." *Parham v. Osmond*, No: 19-CV-592-T-60SPF, 2019 WL 3822193, at *4 (M.D. Fla. Aug. 15, 2019).

Plaintiff contends Defendant's removal of this case was objectively unreasonable because "(1) Defendant failed to provide adequate, relevant evidence supporting removal, even with the uniformity of decisions in this District; and (2) Defendant's Notice of Removal delays a meaningful resolution to this controversy." ECF No. [7] at 9. For support, Plaintiff again notes its actions have invariably been remanded by courts in this District, and those courts have rejected several defendants' attempted reliance on Plaintiff's demand letters. As discussed, however, Plaintiff sought declaratory relief, a pure bill of discovery, or both in those cases. Reliance on Plaintiff's demand letters were accordingly rejected as speculative and largely irrelevant to those actions. *MSP Recovery Claims, Series LLC v. Coloplast Corp.*, No. 18-cv-24582, ECF No. [24] at 2-3 (S.D. Fla. Nov. 26, 2018); *MSP Recovery Claims, Series LLC, et al. v. Hanover Ins. Co., et al.*, Case No. 19-CV-20507, ECF No. [28] at 1-2 (S.D. Fla. Apr. 22, 2019); *Zurich Am. Ins. Co. et al.*, No. 23-CV-22450, ECF No. [22] at 5. Defendant's reliance on

Plaintiff's Demand Letter to show satisfaction of the amount in controversy is thus not objectively unreasonable. Unlike in *Coloplast Corp.*, *Hanover Ins. Co.,* and *Zurich*, reimbursement for M.A.'s medical expenses is directly at issue in this case.

The Court concludes that, while remand is appropriate, Defendant's basis for removal is not objectively unreasonable such that an award of attorney's fees is justified. Defendant relied on *Plaintiff's* Demand Letter and pointed to the attorney's fees likely accrued in this action and in *MSPA Claims 1*. Reliance on the Demand Letter was not itself unreasonable, and Defendant reasonably argued the amount in controversy is at minimum $69,992.80. Defendant's inability to demonstrate that Plaintiff likely accrued over $5,000 in fees at the time of removal does not demonstrate removal was objectively unreasonable.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand, **ECF No. [7]**, is **GRANTED**. This case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit for Miami-Dade County, Florida;

2. Defendant's Motion to Dismiss State Court Complaint, **ECF No. [12]**, is **DENIED AS MOOT**;

3. The Clerk of Court is directed to **CLOSE** this case; and

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 23-cv-24265-BLOOM/Torres

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 18, 2024.

_____<br>
**BETH BLOOM**<br>
**UNITED STATES DISTRICT JUDGE**

Copies to:   Counsel of Record